## Case No. 14,355.

### UNION BANK OF GEORGETOWN v. ELIASON.

[2 Cranch, C. C. 667.] [1]

Circuit Court, District of Columbia. May 13, 1826.

PLEADING AT LAW—ASSUMPSIT—PROMISE TO PAY—NOTES—PLEAS.

Non assumpsit infra tres annos, is not a good plea to an action against the maker of a promissory note payable sixty days after date. It ought to be actio non accrevit.

[See Bank of Columbia v. Ott, Case No. 879.]

Assumpsit against the maker of two promissory notes, each payable sixty days after date, and indorsed by the firm of E. Eliason & Hersey, and discounted by the plaintiffs for the accommodation of the defendant; one dated March 29, 1814, for $2,700, and the other, April 26, 1814, for $1,000. After stating the notes and indorsements with the usual averments the declaration proceeded thus: "By reason whereof and by force of the statute in such case made and provided, the said defendant became liable to pay the said sums of money, in the said notes mentioned, to the said plaintiffs, according to the tenor and effect of the same, and the said indorsements thereon; and being so liable, in consideration thereof, then and there" (that is, on the 26th of April, 1814, the date of the last-mentioned note), "undertook and promised to pay the same to the said plaintiffs according to the tenor and effect thereof, and the indorsements thereon, whenever afterwards he should be thereto requested." Then followed the usual money counts, all averring the promises to be made "on the same day and year aforesaid" "yet the said defendant, the said several sums of money

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

herein mentioned, or any part thereof (although often thereto requested, namely, on the day and year aforesaid, at the county aforesaid, and often afterwards.) hath not paid, but the same, or any part thereof, to pay has hitherto wholly refused and still does refuse, to the damage of the plaintiffs in the sum of five thousand dollars," &c. To this declaration the defendant pleaded non assumpsit, and non assumpsit infra tres annos, and the plaintiff demurred generally to the last plea, and joined issue upon the first. Union Bank v. Eliason [Case No. 14,-350].

R. S. Coxe and Mr. Jones, for defendant, in support of the plea of non assumpsit infra tres annos, contended that the setting out of the two notes, and the concluding averment of liability thereon, (that is, on the two,) and the promise, in consideration thereof, to pay on demand, all necessarily form one count, winding up with the last mentioned promise, as made in consideration of the premises. The notes are the inducement; the promise the gist of the action. It seems impossible, according to any rule of pleading, to treat the setting forth of the two notes as a distinct count upon each; the concluding promise, founded upon the two, consolidated the two contracts (originally separate and distinct as they were) into one; that is, as the aggregate consideration of the one contract or promise.

The conclusion of the declaration, setting out the breach of the promise, is entirely conformable to this construction of the averments of the declaration. It lays a breach, specifically, of the promise to pay on demand; and, assuming, as the plaintiff's counsel is compelled to do, the time, referred to, to be the date of the note or notes, it is bad as an assignment of the breach of the written promise contained in the notes. The rule cited from Chitty on Bills requires that the request and refusal should be laid on a day subsequent to the falling due of the note. The general averment that he has always refused, and still refuses, &c., is common to every declaration, and cannot possibly be understood as fulfilling the rule of pleading referred to. The cases all show that the general principle is that when the promise is upon a past or executed consideration, the plea is non assumpsit and not actio non accrevit. The declaration avers a new promise to pay on demand. The demand must be alleged to be after the day for the payment of the note. "The day and year aforesaid." refers to the day of the date of the note, and therefore avers a breach before the note became payable. Chit. Bills, 629; Perkins v. Burbank, 2 Mass. 81; Collins v. Benning, 12 Mod. 444, 3 Salk. 227; Selw. N. P. 121; Gould v. Johnson, 2 Salk. 422, 2 Ld. Raym. 838; 2 Saund. 63c. note 6.

Dunlop & Key, contra, relied upon the decision of this court in the case of Bank of Columbia v. Ott [Case No. 879], at May term, 1825. The promise averred in the decla-

ration is a promise to pay according to the tenor and effect of the note; that is, in sixty days after date. The plea must be good as to all the counts, or it will be bad on demurrer. 1 Chit. Pl. 522, 533; Puckle v. Moor, 1 Vent. 191.

Judgment for the plaintiffs, on the demurrer. May 13, 1826.